IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEON HAMPTON,
NO. M15934,

        **Plaintiff,**

vs.                                                   CIVIL NO. 17-cv-936-DRH

**MEYER,**

        **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On August 31, 2017, the Court received an "Emergency Motion" from Plaintiff Deon Hampton. (Doc. 1). The pleading does not include a case number and was not accompanied by a complaint. After reviewing the pleading, the Clerk opened the instant action as a *pro se* civil rights action pursuant to 28 U.S.C. § 1983 and docketed the "Emergency Motion" as a Motion for a Temporary Restraining Order ("TRO Motion). (Doc. 1).

### TRO Motion

At times, the pleading is nearly incomprehensible. However, the Court is able to discern the following. Plaintiff was recently transferred from Pinckneyville Correctional Center ("Pinckneyville") to Menard. While at Pinckneyville, Plaintiff complained about, reported, and/or or filed a complaint regarding constitutional violations that allegedly occurred at Pinckneyville. Plaintiff was subsequently transferred to Menard. According to Plaintiff, Menard officials have been

retaliating against her[1] for reporting/complaining about the constitutional violations at Pinckneyville. The Court was able to discern the following allegations with respect to the alleged retaliatory conduct:

- When Plaintiff was placed on the Menard bus (during her transfer from Pinckneyville to Menard) she was choked and pushed to the floor. When Plaintiff asked what she did wrong, she was told "this is what happens when you fuck with one of us. We stick together."
- Since arrival at Menard, Plaintiff's property has been withheld and Plaintiff has been denied mental health treatment.
- A letter Plaintiff intended to mail to her mother and a pleading Plaintiff intended to file were ripped up by a lieutenant.
- She has been called names such as "bitch," "whore," and "nigger."
- A guard at Menard allowed Plaintiff and another inmate to be assaulted. It is unclear who the assailants were.
- She has been beaten and threatened.
- She has been placed in a cell without a mattress or blankets. She only has a moldy cot to sleep on. Her cell has no running water.

Plaintiff states she fears Menard staff will kill her out of retaliation for bringing claims against Pinckneyville officials. She asks the Court to remove her from Menard and transfer her to another prison for her own safety.

## Prior Pending Action 17-cv-860-MJR

A review of CM/ECF reveals that Plaintiff has a previously filed § 1983 *pro se* civil rights action pending in the Southern District of Illinois ("Prior Action"). *See Hampton v. Lt. Meyer, et al.,* No. 17-cv-860-MJR. The Prior Action, filed August 14, 2017, involves constitutional violations that allegedly occurred at Pinckneyville and is directed at various Pinckneyville officials. The Prior Action is awaiting preliminary review pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff states that she is transgender African American woman.

The Court makes note of the Prior Action for two reasons: First, the Prior Action may be the basis for the retaliation Plaintiff is allegedly experiencing at Menard. Second, certain aspects of the TRO Motion suggest that Plaintiff may have intended to file the pleading as a motion in the Prior Action (as opposed to opening a new action). Specifically, the pleading includes a heading that identifies "Meyer et. al" (reflecting the abbreviated defendant list in the Prior Action) as the defendants. Additionally, Plaintiff references Judge "M.J. Reagan" (the judge presiding over the Prior Action) at various points throughout the pleading. Accordingly, it is not clear that Plaintiff intended to file a new case.

That being said, the Court is reluctant to *sua sponte* close this action and direct the Clerk to file the TRO Motion in the Prior Action. The reason being, the instant action, which seeks injunctive relief directed at Menard officials, cannot be addressed in Plaintiff's Prior Action, which is directed at Pinckneyville officials.[2] If the TRO Motion is filed in the Prior Action, Plaintiff would likely be directed to file a new case and to seek injunctive relief in the newly filed case. This seems an unnecessary delay.

Accordingly, the Court construes Plaintiff's TRO Motion as an attempt to open a new action, asserting one or more claims against officials at Menard and seeking injunctive relief.

**1915A Preliminary Review**

---

[2] Plaintiff is further reminded that she may not bring several unrelated claims against different defendants in the same complaint. Such unrelated claims are subject to severance into one or more separate actions, and Plaintiff will be obligated to pay a separate filing fee for each action. See George v. Smith, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. This is not possible, however, because Plaintiff failed to file a complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. This is "the first step in the action." *Id.*, Advisory Committee Notes, 1937 Adoption. Plaintiff's Motion (Doc. 1) does not suffice as a complaint.

Although *pro se* litigants are not held to the same standards that apply to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of civil procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine the exact causes of action that Plaintiff intends to bring against the defendant. Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

By way of example only, the case caption in the TRO Motion suggests that

"Meyer" is a defendant. However, the pleading does not suggest that any claims are being directed against Meyer.[3] In fact, the allegations the Court is able to discern are not associated with any particular individual. For instance, Plaintiff alleges that she was choked and physically assaulted on the transportation bus. However, she does not connect this allegation with any particular individual. Plaintiff alleges that she is in a cell without running water and without a mattress. But, these allegations are not connected with any particular individual. In the absence of a pleading that identifies how officials at Menard may be responsible for a violation of Plaintiff's rights and the conduct giving rise to such a claim, the Court is unable to fully analyze Plaintiff's claims or consider her TRO Motion.

Without expressing any opinion regarding the ultimate merits of Plaintiff's claim(s) for relief, the Court concludes that a temporary restraining order should not be issued at this time. That being said, <u>the Court takes Plaintiff's allegations regarding retaliation and her personal safety seriously</u>. If she wishes to renew her request for a temporary restraining order or for some other form of injunctive relief, Plaintiff is free to do so at any time *after* filing her complaint. *See* FED. R. CIV. P. 65(a)-(b).

Further, out of an abundance of caution, the Court will provide the warden of Menard with a copy of this order to make the institution aware of Plaintiff's allegations regarding her safety and of the Court's concerns regarding the same.

## Disposition

---

[3] A Lt. Meyer is a defendant in the Prior Action. In the Prior Action, Lt. Meyer is identified as a Pinckneyville official and if this is the same individual it is unclear how she could be associated with constitutional deprivations occurring at Menard.

The Court **DIRECTS** the Clerk to send the warden of Menard a copy of this Order.

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before October 2, 2017, Plaintiff shall file a complaint, thereby initiating this action. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's standard civil rights complaint form to prepare the pleading. She must clearly identify what claim(s) she is bringing and who those claims are directed against. In particular, the allegations should describe how each defendant (identified by name or Doe designation (for example "John Doe 1")) is personally responsible for violating Plaintiff's rights. The caption of the complaint should state the name of each defendant (again if Plaintiff does not know a particular defendant's name, she should identify the individual as Jane or John Doe with a description).

In addition, Plaintiff must prepay her full $400.00 filing fee for this action or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") along with a certified copy of her Trust Fund Statement for the 6-month period immediately preceding the filing of this action   Failure to comply with this Order shall result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody and a blank form IFP motion, along with this Order.

Plaintiff is hereby **WARNED** that failure to file a proper complaint by the prescribed deadline will result in dismissal of this action for failure to comply with a court order and/or failure to prosecute the action. *See* FED. R. CIV. P. 41(b).

Finally, Plaintiff is advised that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 1, 2017

Judge Herndon
2017.09.01
16:13:02 -05'00'

United States District Judge