# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEON HAMPTON,
NO. M15934,

          Plaintiff,

vs.                                                             CIVIL NO. 17-cv-936-DRH

IDOC DIRECTOR JOHN BALDWIN,
WARDEN JACQUELINE LASHBROOK,
OFFICER MOLLY,
SERGEANT T. JONES,
OFFICER JOHN MCCALEB,
OFFICER GRIFFIN,
LIEUTENANT HELD,
INTERNAL AFFAIRS OFFICER BRIDGES,
OFFICER CHITTY,
OFFICER DUDZINSKI,
OFFICER COCKRUM,
OFFICER DOMSTORFF,
OFFICER MILES,
OFFICER GRAVES,
OFFICER CARON,
OFFICER POWELL,
OFFICER KENT BROOKMAN,
INTERNAL AFFAIRS OFFICER HUEY, and
JOHN DOES 1-4,

          Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff Deon "Strawberry" Hampton, a transgender inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. On November 28, 2017, Plaintiff, represented by counsel and paying the full filing fee, filed her Amended

1

Complaint. (Doc. 12). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff is a 26-year-old transgender woman who began living as a girl when she was five years old and has continued to live as a woman throughout her incarceration. Plaintiff was transferred from Pinckneyville Correctional Center ("Pinckneyville") to Menard on August 23, 2017. According to the Amended

2

Complaint, when Plaintiff was housed at Pinckneyville she was sexually assaulted by several correctional officers on multiple occasions. When Plaintiff reported the abuse, the officers allegedly retaliated by beating her and threatening to "bury her in segregation." Plaintiff claims the officers followed through on this threat by filing false disciplinary charges against her (resulting in segregation). The false disciplinary charges also allegedly resulted in Plaintiff being transferred to Menard.

According to the Amended Complaint, officers at Menard have targeted Plaintiff both in retaliation for her complaints, and because of her gender, by subjecting her to constant sexual harassment. She also alleges that officers have beaten her (on at least four occasions) and made clear that they will not protect her from attacks by other prisoners. Additionally, Plaintiff claims that, on at least one occasion, officers stood by and allowed another prisoner to beat Plaintiff in a holding cell.

Plaintiff brings claims for violation of the Equal Protection Clause (Counts 1-2); excessive force (Count 3); failure to intervene (Count 4); failure to protect (Count 5); retaliation (Count 6); conspiracy (Count 7); unlawful policy and practice (*Monell* claim) (Count 8); violation of Title IX (Count 9); and violation of the RLUIPA (Count 10). The Court finds that Plaintiff's claims survive preliminary review under 28 U.S.C. § 1915A.

Accordingly, pursuant to Local Rule 72.1(c), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this

entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

**Plaintiff's counsel shall be responsible for effecting service of process in this case**.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.29
13:16:30 -06'00'

United States District Judge

4