IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEON HAMPTON (M15934), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:17-CV-936-DRH |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | The Hon. David R. Herndon |
| CORRECTIONS DIRECTOR JOHN | ) | Magistrate Judge Reona Daly |
| BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENT TO HER MOTION AND MEMORANDUM IN SUPPORT OF A PRELIMINARY INJUNCTION**

Plaintiff submits this Supplement to her Motion and Memorandum in Support of a Preliminary Injunction (*see* dkt. 17) for the purpose of putting the Court on notice that at the hearing on January 5, 2017, she would also like to present evidence related to her recently added Eighth Amendment claim. Plaintiff has amended her complaint to include allegations regarding sexual abuse she is experiencing at Menard and an additional Count regarding these allegations (Count VI). *See* Dkt. 25.

The allegations underlying Plaintiff's Eighth Amendment claim are further support for the necessity of a preliminary injunction ordering Defendants Director John Baldwin and Warden Jacqueline Lashbrook in their official capacities to: 1) transfer Plaintiff to Logan Correctional Center, a women's prison; and 2) remove the retaliatory discipline on Plaintiff's record and move her out of segregation. Plaintiff's situation satisfies each requirement for a preliminary injunction. *See AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 803-804 (7th Cir. 2002). In this supplement, Plaintiff will focus solely on the first requirement for a preliminary injunction—likelihood of success on the merits of her claim. Plaintiff incorporates

1

by reference her arguments made on the remaining requirements in her Motion and Memorandum in Support of a Preliminary Injunction. *See* Dkt. 17.

The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain" that are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). "The Eighth Amendment's prohibition of cruel and unusual punishments draws its meaning from the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citation omitted). An Eighth Amendment claim must therefore be examined in the context of society's current expectations regarding cruel and unusual punishment as "the objective component of an Eighth Amendment claim is . . . contextual and responsive to 'contemporary standards of decency.'" *Id.* (citation omitted); *see also Whitley v. Albers*, 475 U.S. 312, 327 (1986) (explaining that the Eighth Amendment prohibits punishments that are "inconsistent with contemporary standards of decency" and "repugnant to the conscience of mankind"). Further, "physical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

Here, the Officer Defendants constantly sexually abuse Plaintiff. On a daily basis, they subject her to verbal sexual harassment and make her perform sexually for their entertainment. They force her to touch herself sexually, stick her fingers in her anus, and expose her private parts to them, all while watching her and saying derogatory things to her. The Defendants conveyed to Plaintiff that if she does not perform sexually for them, they will hurt her. The threat of physical harm is very real as the Defendants have already beaten her on at least four occasions and allowed another prisoner to beat her on at least one occasion. Plaintiff, who is in segregation, cannot escape the Defendants' abuse—even when she pretends she is sleeping, the

Defendants bang on her door to wake her up and order her to sexually perform for them against her will. The Defendant's conduct is repugnant and clearly violates contemporary standards of decency. *See, e.g.*, *Calhoun*, 319 F.3d at 940 (finding that prisoner stated Eighth Amendment claim where he alleged that officers sexually harassed him during a strip search by making "ribald comments," "sexually explicit gestures during the search," and "forc[ing] him to preform sexually provocative acts"); *Smith v. Cochran*, 339 F.3d 1205, 1212-13 (10th Cir. 2003) ("sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim"); *Rodriguez v. McClenning*, 399 F. Supp. 2d 228, 238 (S.D.N.Y. 2005) ("contemporary standards of decency have evolved to condemn the sexual assault of prison inmates by prison employees); *Hammond v. Gordon County*, 316 F. Supp. 2d 1262, 1287 (N.D. Ga. 2002) (finding that plaintiffs stated Eighth Amendment claims where they alleged officer forced them to strip and flash their breasts in exchange for hygiene products and cigarettes, used his finger to penetrate their vaginas, and instructed them to engage in oral sex with an inmate); *Women Prisoners of D.C. Dep't of Corrections v. District of Columbia*, 877 F. Supp. 634, 665 (D.D.C. 1994) (finding that pattern of sexual harassment involving vulgar sexual remarks of officers, rape, coerced sodomy, and unsolicited touching of prisoners' vaginas, breasts, and buttocks violated contemporary standards of decency and constituted an Eighth Amendment violation), *remanded on other grounds*, 93 F.3d 910 (D.C. Cir. 1996).

Further, the Defendants acted maliciously and their unnecessary and wanton infliction of pain on Plaintiff was without any penological justification. *See, e.g.*, *Calhoun*, 319 F.3d at 940 (finding that "the prison guards conducted the strip search in a manner designed to demean and humiliate" the plaintiff and therefore served no legitimate penological function); *Smith*, 339 F.3d

3

at 1213 ("Because there can be no legitimate purpose for the sexual abuse and rape alleged by [the plaintiff], her allegations satisfy the requirement that she show [the defendant] acted maliciously and sadistically"). Therefore, Plaintiff is likely to prevail on her claim that the Defendants violated her Eight Amendment right to be free from cruel and unusual punishment.

Accordingly, Plaintiff's Eighth Amendment claim is further support for the grant of a preliminary injunction.

Respectfully submitted,

**DEON "STRAWBERRY" HAMPTON**

By: /s/ Vanessa del Valle
    One of her attorneys

Sheila A. Bedi
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-1271
sheila.bedi@law.northwestern.edu
vanessa.delvalle@law.northwestern.edu

Alan Mills
Uptown People's Law Center
4413 N. Sheridan
Chicago, IL 60640
(773) 769-1411
alan@uplcchicago.org

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she served the foregoing document upon all persons who have filed appearances in this case via the Court's CM/ECF system on December 14, 2017.

/s/ Vanessa del Valle