**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEON HAMPTON, #, M15934 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-cv-00936-DRH-RJD |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
|     Defendants. | ) |

**PROTECTIVE ORDER**

This matter is before the Court on the parties' Agreed Motion for a Protective Order (Doc. 40). The Court and all parties being fully advised in the same, and good cause having been shown, the Motion for Protective Order is **GRANTED**.

**IT IS HEREBY ORDERED:**

### I.    CONFIDENTIAL INTERNAL AFFAIRS REPORTS

1.    All records of the Internal Affairs investigations related to any incidents involving Plaintiff on October 15, 2016; November 4, 2016; May 24, 2017; February 24- March 4, 2017; August 26, 2017; and October 9, 2017; shall be designated "Confidential Materials." Documents shall state "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY."

2.    Confidential Material shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; and (b) personnel who are specifically assisting in this litigation, provided that such individuals are not current or former inmates in the Department of Corrections.

3.    Plaintiff's counsel may not show or otherwise disclose Confidential Material, or information within the documents, to the Plaintiff, Deon Hampton, for any reason without prior written permission from lead defense counsel of record in this matter.

4. Persons designated in paragraph 2 shall not use, disclose or disseminate any Confidential Material other than for purposes directly related to this litigation and shall not disclose or disseminate Confidential Material to any others not listed in paragraph 2, without prior written permission of the lead counsel of record in this matter or by order of the Court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the court, including sanctions.

5. A person designated in 2(b) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the court's jurisdiction. Copies of all such agreements shall be made available to the lead counsel of record in this matter upon request.

6. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

7. All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely.

8. Maintenance of the Confidential status of any such Confidential Material shall be subject to further order of this court and nothing herein shall preclude any party from applying to the Court for modification of this Order. The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this

Order. Counsel shall first seek to resolve by agreement, and without involvement of the court, any disputes regarding confidential designations.

9. After the termination of this litigation, including all appeals, all Confidential Material shall be returned to the Department of Corrections or destroyed.

## II. QUALIFIED PROTECTIVE ORDER: INFORMATION PROTECTED UNDER HIPAA

Pursuant to FED. R. CIV. P. 26(c), the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, the parties to this action, by and through their respective counsel, have represented the following to the Court, and the Court finds:

A. The following words and terms are defined for purposes of this qualified protective order:

1. "Parties" shall mean plaintiff, Deon Hampton, and Defendant, John Baldwin and all other named Defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

4. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

5. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment

for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

B. The Parties are familiar with HIPAA and the Privacy Standards.

C. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI, third parties, and non-parties to other parties, third parties and non-parties.

D. The Parties agree to the following terms and conditions:

1. The Parties agree to assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary under HIPAA and the Privacy Standards.

2. The Parties either seek or agree to the release of PHI specifically for, but not limited to, the following person, from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools:

**DEON HAMPTON**

3. The Parties agree not to use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

4. The Parties agree to store all PHI while it is in their possession according to the Privacy Standards.

5. The Parties agree at the termination of this proceeding to return all PHI, obtained during the course of this proceeding to the attorney representing the person whose PHI, was released during the course of this proceeding, and/or to dispose of the PHI released during the course of this proceeding pursuant to the Privacy Standards.

6. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

Agreed as to Form and Substance:

| | |
|---|---|
| s/ Christine McClimans | s/Sheila Bedi (with consent) |
| Counsel for the Defendant | Counsel for Plaintiff |

**IT IS SO ORDERED.**

**DATED: January 4, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**